IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CARALYN FRIEDLY, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | CASE NO. 4:21-cv-3105 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| UNION BANK AND TRUST COMPANY, | ) | |
| Defendant. | | |

---

**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT**

---

### I.  Introduction

Plaintiff, Caralyn Friedly, and opt-in plaintiffs ("Plaintiffs"), and Defendant, Union Bank and Trust Company ("Defendant") (collectively, "Parties"), hereby jointly request the Court's approval of the settlement reached by the Parties. The Settlement Agreement is attached hereto as Exhibit 1. This settlement resolves the Plaintiffs' claims under the Fair Labor Standards Act, 29 U.S.C §§ 201, *et seq*. ("FLSA") for a total of Fifteen Thousand Dollars ($15,000). As set forth below, this proposed resolution of Plaintiffs' claims is fair and reasonable and warrants judicial approval.

### II.  Factual Background

Plaintiff Caralyn Friedly, individually and on behalf of others similarly situated, filed this case on May 19, 2021, asserting claims for miscalculated overtime wages under the Fair Labor Standards Act ("FLSA"). Dkt. 1. On December 6, 2021, the Court conditionally certified a collective action consisting of "[a]ll hourly employees employed by Union Bank and Trust Company who received a bonus in connection with work performed in at least one week in which they worked over forty hours since May 19, 2018." Dkt.26.

Over the course of several months, the Parties engaged in motion practice, produced documentation regarding payroll information and calculations, and exchanged multiple

settlement offers. As a result of these settlement negotiations, the Parties agreed to settle the claims of Plaintiffs. Dkt. 38. There are a total of 15 individuals, including the named plaintiff, who are currently part of this case and covered by the Settlement Agreement.

### III.   Argument

The settlement reached by the Parties represents a fair and reasonable resolution of a bona fide dispute. Accordingly, this Court should enter the accompanying proposed Order approving the Settlement Agreement and dismissing the lawsuit with prejudice.

In a private FLSA enforcement action, district courts may approve settlements resulting from contested litigation over a bona fide dispute between the parties. *See* Grove v. Meltech, Inc., No. 8:20CV193, 2022 WL 119180, at *2 (D. Neb. Jan. 12, 2022). The Court should approve a private settlement only "after scrutinizing the settlement for fairness." *Id*. The standard for court approval is straightforward: A district court should approve a fair and reasonable settlement if it was reached as a result of contested litigation to resolve a bona fide dispute under the FLSA. Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Lab., Emp. Standards Admin., Wage & Hour Div., 679 F.2d 1350, 1354 (11th Cir. 1982). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement in order to promote the policy of encouraging settlement of litigation." Grove, at *2. In reaching a determination, courts "should be mindful of the strong presumption in favor of finding a settlement fair." King v. Raineri Const., LLC, No. 4:14-CV-1828 CEJ, 2015 WL 631253, at *2 (E.D. Mo. Feb. 12, 2015) (quoting Crabtree v. Volkert, Inc.*,* No. 11–0529–WS–B, 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013) (noting that "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement").

#### 1. This Settlement Resolves a Bona Fide Dispute

A settlement is bona fide if it reflects a reasonable compromise over issues actually in dispute, since employees may not waive their entitlement to minimum wage and overtime pay under FLSA. King v. Raineri Const., LLC, No. 4:14-CV-1828 CEJ, 2015 WL 631253, at *2 (E.D. Mo. Feb. 12, 2015).

Here, there were numerous points of contention between the parties. Most significantly, Defendant argues that Plaintiffs were paid all wages owing to them by virtue of their employment with Defendant. Dkt. 9, ¶4. Defendant further argues that bonuses

paid to Plaintiffs were properly excluded from Plaintiffs' regular rate of pay. Dkt. 9, ¶5. Defendant argues that certain activities Plaintiff Friedly alleged are not compensable as prescribed by federal law. Dkt. 9, ¶7. Further, Defendant contends that Plaintiffs are unable to establish that Defendant willfully violated the FLSA. Dkt. 9, ¶9. In sum, the settlement reached here represents a reasonable compromise to matters actually in dispute.

**1. The Settlement is a Fair and Reasonable Resolution**

The Eight Circuit has not definitively set out FLSA-specific criteria to use when evaluating the fairness of a proposed FLSA settlement. However, district courts have looked to the following factors when evaluating a settlement under the FLSA: the contentiousness of the parties' positions, the benefits to the settlement class members, the discovery and investigation prior to the parties' settlement, the complexity, risk and probable protracted duration of further litigation, and whether the settlement is the product of arm's length negotiation by experienced counsel. *See* Grove, at *3. An analysis of these factors in the present case suggests that the settlement is fair and reasonable.

This settlement is the product of an arms' length negotiation reached after a year of litigation, and following the exchange of multiple settlement offers. The settlement reached by the Parties followed an exchange of documents and damages analysis by both Parties. The $15,000 gross settlement takes into account the multiple contested legal issues and represents an excellent recovery for the Plaintiffs.

Counsel for the Parties calculated Plaintiffs' maximum claimed damages for regular rate violations by analyzing time records and payroll data provided by Defendant. "As a general rule, the adequacy of an allocation plan turns on whether counsel has properly apprised itself of the merits of all claims, and whether the proposed apportionment is fair and reasonable in light of this information." Chaverria v. New York Airport Serv., LLC, 875 F.Supp. 2d 164 (E.D.N.Y. 2012). Under the terms of the Settlement Agreement, each Plaintiff is receiving 100% of the calculated damages for failure to include bonuses in their regular rate of pay before calculating overtime, plus an equal amount in liquidated damages. Each Plaintiff with no calculated damages has withdrawn from the case. Dkt. 42. In addition, Plaintiff Friedly will receive a $1,000 service award for her efforts to pursue the claims on behalf of the settlement class.

Plaintiffs' success in this case was not certain, in light of the various potential defenses asserted by Defendant, which may have resulted in no recovery to Plaintiffs had the case continued through the litigation process. The Settlement Agreement obviates the real risks to both Parties that are inherent in the continued litigation of this matter. For these reasons, the proposed settlement is fair and reasonable.

A plaintiff in an FLSA case may recover attorneys' fees and expenses under the statute's fee-shifting provision. *See* 29 U.S.C. §216(b) ("[t]he Court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); Lochridge v. Lindsey Mgt. Co., Inc., 824 F.3d 780, 782 (8th Cir. 2016). Here, Plaintiffs' counsel will receive $13,700 in fees and costs as part of the Settlement Agreement.

In support of the fees and costs, Plaintiffs' counsel submits that it has incurred over $18,000.00 in fees and costs on this case, taking it from initial fact investigation to Complaint drafting, through filing a Motion for Conditional Certification and subsequent Consent to Join form mailing and processing, and finally informal discovery, damages calculations and settlement negotiations. Plaintiffs' counsel represents that it has expended approximately 82 hours of work on this matter and that the settled fee results in a blended hourly rate of $149.09. Given that Plaintiffs are receiving the uncompromised value of their claims for regular rate damages, Plaintiffs' counsel believes this amount is reasonable.

## IV.   Conclusion

Because the Settlement Agreement negotiated by the Parties is a fair and reasonable resolution to a bona fide dispute, the Parties respectfully request that the Court approve the proposed Settlement Agreement and enter an order dismissing this action with prejudice.

Dated: July 22, 2022

Respectfully submitted,

CARALYN FRIEDLY, individually and
on behalf of all others similarly situated,
Plaintiffs

By:   SANFORD LAW FIRM, PLLC
      Kirkpatrick Plaza
      10800 Financial Centre Pkwy, Suite 510
      Little Rock, Arkansas 72211
      Telephone: (501) 221-0088
      Facsimile: (888) 787-2040
      josh@sanfordlawfirm.com


By:   /s/Josh Sanford
      Josh Sanford
      Ark. Bar No. 2001037

and


UNION BANK AND TRUST COMPANY,
Defendant

By:   REMBOLT LUDTKE LLP
      3 Landmark Centre
      1128 Lincoln Mall, Suite 300
      Lincoln, NE 68508
      (402) 475-5100

By:   /s/ Mark A. Fahleson
      Mark A. Fahleson (#19807)

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that this brief complies with the word count limitations within NECivR 7.1(d). Based on the word-count function of Microsoft Word®, a part of Microsoft Office 365, this brief contains 1537 words, including all portions of the brief.

/s/ Mark A. Fahleson
Mark A. Fahleson (#19807)

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Josh Sanford
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
josh@sanfordlawfirm.com

/s/ Mark A. Fahleson
Mark A. Fahleson (#19807)

4888-3288-6314, v. 1