Exhibit 1

## SETTLEMENT AGREEMENT AND RELEASE

1.  This Settlement Agreement and Release ("Agreement") is entered into by and between Caralyn Friedly ("Named Plaintiff"), individually and on behalf of the Opt-In Plaintiffs (together with Named Plaintiff, "Plaintiffs"), and Union Bank and Trust Company ("Defendant"). Plaintiffs and Defendant are jointly referred to herein as the "Parties."

2.  Statement of Pending Claims. On November 26, 2019, Named Plaintiffs filed their First Amended Complaint in the Civil Action, *Caralyn Friedly, et al. v. Union Bank and Trust Company*, No. 4:21-cv-3105-JMG (the "Action") in the United States District Court for the District of Nebraska (the "Court"). In the Action, Named Plaintiff claims that Defendant failed to pay Named Plaintiff and similarly situated employees their proper overtime amounts due under the Fair Labor Standards Act ("FLSA").

3.  Payments. In consideration for signing this Settlement Agreement and Release, the dismissal of the Action with prejudice, and the fulfillment of the promises herein, Defendant agrees to pay Plaintiffs and Plaintiffs' counsel the total sum of **Fifteen Thousand Dollars** ($15,000.00). The payments shall be delivered to Sanford Law Firm, PLLC, 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas 72211, within twenty-one (21) days from the date the Court approves this Agreement, in the following amounts:

    a.  Defendant shall pay the gross sum of $1,300 to Plaintiffs (the "Settlement Fund") as set forth in Appendix A to this Agreement. Of this amount, $1,000.00 will be paid to Named Plaintiff Caralyn Friedly as a service award in exchange for her signing of the global release herein and for her time spent litigating the Lawsuit, with no withholdings taken from the payment (the "Service Award"). Defendant will report payment of the Service Award on an IRS Form 1099.

    b.  The amount of the check for each Plaintiff as set forth in Appendix A. Each check, other than for the Service Award, will be allocated as wages, and Defendant shall withhold payroll taxes from these payments, which will be reported on an IRS Form W-2. Defendant shall reissue any lost, stale, or damaged checks at no cost upon request from Plaintiffs' counsel.

    c.  In addition to the payments above, Defendant shall deliver a check payable to Plaintiffs' counsel in the sum of $13,700.00 for

attorneys' fees and costs incurred in the Lawsuit. Sanford Law Firm, PLLC will provide Defendant with an IRS Form W-9. Defendant will issue an IRS Form 1099 to Plaintiffs' Counsel for the attorneys' fees and costs payment. Defendant agrees that these agreed fees and costs are reasonable. If the Court requires approval of fees and costs, Defendant shall not oppose Plaintiffs' efforts to obtain approval of the agreed upon fees and costs, including any motion for reconsideration or appeal of a denial of fees and costs.

4. <u>Joint Motion for Approval of Settlement</u>. Within seven (7) days of complete execution of this Agreement, the Parties will file a Joint Motion to Approve Settlement, in a form to be agreed upon by the Parties.

5. <u>Release of Claims for Named Plaintiff</u>. In exchange for the promises contained herein, Named Plaintiff releases and discharges the Defendant, its representatives and assigns, as well as its predecessors, successors, parent and subsidiary corporations, affiliates, related entities, directors, and officers (together "Releasees") from any and all claims and rights of any kind that she may have, whether now known or unknown, including, but not limited to, those arising out of or in any way connected with her employment with Defendant from the beginning of time through the execution of this Agreement. These claims and rights released include, but are not limited to, claims under Title VII of the Civil Rights Act of 1964 (as amended); 42 U.S.C. § 1981 (as amended); the Age Discrimination in Employment Act; the Equal Pay Act; the Americans With Disabilities Act (as amended); Sections 503 and 504 of the Rehabilitation Act of 1973; the Family Medical Leave Act; the Employee Retirement Income Security Act; the Occupational Safety and Health Act; the Workers' Adjustment and Retraining Notification Act, as amended; any claims for overtime compensation, minimum wages, liquidated damages, penalties and interest, attorney's fees and costs under the FLSA or any other applicable federal, state, or laws (including statutory and common law claims for breach of contract, unjust enrichment or other common law claims relating to wage and hour issues); any state, civil or statutory laws, including any and all human rights laws, any other federal, state or local fair employment statute, code or ordinance, common law, contract law, tort, and any and all claims for attorneys' fees and costs.

6. <u>Release of Claims for Opt-In Plaintiffs</u>. In exchange for the promises contained herein, Opt-In Plaintiffs hereby fully, finally and forever release and discharge Releasees from any and all claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, against Defendant for alleged unpaid wages, liquidated or other damages, unpaid costs, penalties, premium pay, interest, restitution or other compensation and relief arising from the

alleged failure to properly pay such to Opt-In Plaintiffs under the FLSA and the laws of any county, municipality or other governmental subdivision of the United States or any state, including but not limited to, the State of Nebraska, regarding failure to pay minimum wages and/or overtime wages.

7.    Covenant Not to Sue.  Plaintiffs covenant not to sue any of the Releasees for any claim Plaintiffs release in this Agreement.

8.    Non-Interference and Continued Right to Participate in Agency Proceedings.  Nothing in this Agreement shall interfere with the Plaintiffs' right to file a charge, cooperate or participate in an investigation or proceeding conducted by the U.S. Equal Employment Opportunity Commission, the U.S. Securities and Exchange Commission, or any other federal, state, or local regulatory or law enforcement agency.  Further, nothing in this Agreement shall prohibit Plaintiffs from seeking or obtaining a whistleblower award from the Securities and Exchange Commission pursuant to Section 21F of the Exchange Act.

9.    Neutral References.  Defendant shall not make any statement or take any action intended to or reasonably likely to dissuade any prospective employer from hiring Plaintiffs.  If a reference from a prospective employer is sought from Defendant regarding Plaintiffs, Defendant shall provide the reference within a reasonable time, and shall provide only dates of employment, last salary and last position or title.

10.   Entire Agreement.  This Agreement contains the entire agreement and understanding between the Plaintiffs and Defendant with respect to its subject matter and supersedes all other agreements between the Plaintiffs and Defendant.

11.   Headings.  The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

12.   Choice of Law.  This Settlement Agreement and Release is to be interpreted pursuant to the laws of Nebraska, except where the application of federal law applies.

13.   Waiver.  Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

Doc ID: f58707fcc378ebe43926d0e8560b749781870609

14.     Severability. The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other parts shall remain fully valid and enforceable.

15.     Counterparts: The Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed the same Agreement. This Agreement may be signed electronically, and a signed copy of the Agreement delivered by electronic means to counsel for Plaintiffs or counsel for Defendant shall be deemed to have the same legal effect as delivery of a physical copy of the Agreement.

**NAMED PLAINTIFF:**

*Caralyn Friedly*

**Caralyn Friedly**

Date: 07 / 21 / 2022

**DEFENDANT:**

*[signature]*

**Union Bank and Trust Company**

By: Jason Muhleisen

Date: July 21, 2022

4869-2357-8408, v. 2

- 4 -

Doc ID: f58707fcc378ebe43926d0e8560b749781870609