IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CARALYN FRIEDLY, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>UNION BANK AND TRUST COMPANY,<br><br>Defendant. | 4:21-CV-3105<br><br>ORDER |

    This matter is before the Court on the parties' "joint stipulation for dismissal with prejudice and approval of settlement" (filing 43). The Court will approve that stipulation.

    The parties are seeking court approval for their settlement agreement because the plaintiffs' claim arises under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, which was enacted for the purpose of protecting workers from substandard wages and oppressive working hours. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). And recognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, its provisions are not subject to negotiation or bargaining between employers and employees. *Id.* So generally, when employees bring a private action under the FLSA, and present to the district court a proposed settlement, the Court may enter a stipulated judgment after scrutinizing the settlement for fairness. *Id.*

    But that process is premised on the settlement actually operating to compromise the plaintiffs' rights under the FLSA—and here, it does not. The

parties agree that "[u]nder the terms of the Settlement Agreement, each Plaintiff is receiving 100% of the calculated damages for failure to include bonuses in their regular rate of pay before calculating overtime, plus an equal amount in liquidated damages." Filing 44 at 3.

In the Eighth Circuit, it is an open question "whether the FLSA requires judicial approval to settle bona fide disputes over hours worked or wages owed." *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1026 (8th Cir. 2019); *Melgar v. OK Foods*, 902 F.3d 775, 779 (8th Cir. 2018). The Court is convinced, however, that in this case—where the terms of the settlement provide the full measure of FLSA damages, *see* 29 U.S.C. § 216(b)—there has been no compromise of workers' rights requiring court approval. Therefore, "settlement of the dispute is solely in the hands of the parties." *Barbee*, 927 F.3d at 1027. Accordingly,

IT IS ORDERED:

1. The parties' stipulation for dismissal (filing 43) is approved.

2. A separate judgment will be entered.

Dated this 25th day of July, 2022.

BY THE COURT:

John M. Gerrard
United States District Judge